**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARICE HOFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>THE LAW OFFICES OF MICHAEL IRA ASEN, P.C. and RIVERSIDE ROYALTY INVESTMENTS, LLC,<br><br>Defendant. | Case No. 3:20-cv-07468<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### **COMPLAINT**

NOW comes CLARICE HOFFMAN ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of THE LAW OFFICES OF MICHAEL IRA ASEN, P.C. ("Asen") and RIVERSIDE ROYALTY INVESTMENTS, LLC ("RRI") (collectively "Defendants"), as follows:

### **NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendants' unlawful conduct.

1

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of California.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Contra Costa County, California, which is within the Northern District of California.

5. Asen is a third-party debt collector and law firm with its principal office located 2200 Northern Boulevard, Suite 110, Greenvale, New York 11548. Asen regularly collects from consumers in the State of California.

6. RRI is a third-party debt collector and payment processor with its principal office located at 6319 Chattanooga Dr., Riverside, California 92504. RRI regularly collects from consumers in the State of California.

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action stems from Defendants' attempts to collect upon a defaulted debt related to Plaintiff's personal bank account ("subject debt") that Plaintiff allegedly owed to Wells Fargo Bank ("Wells Fargo").

9. Plaintiff used her Wells Fargo account to purchase personal goods and/or services.

10. In an attempt to collect the subject debt, Asen began placing collection calls to Plaintiff's cellular phone number, (925) XXX-6422.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6422. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Upon information and belief, when Asen began contacting Plaintiff, the statute of limitations had elapsed for Plaintiff to be sued for the subject debt.

13. Upon speaking with Asen, Plaintiff was informed of Asen's intent to collect upon the subject debt.

14. Defendants failed to disclose to Plaintiff that any payment on the subject debt or promise to make payment on the subject debt could revive the statute of limitations.

15. Asen also threatened to sue Plaintiff and subsequently garnish her wages if she failed to immediately make a payment.

16. Based on Asen's deceptive failure to disclose Plaintiff's legal rights and Asen's threats, Plaintiff was coerced into agreeing to reduced payments to Defendants in order to address the subject debt.

17. Consequently, Plaintiff provided RRI, a debt collector and payment processor, her credit card number and authorized Defendants to withdraw four payments of $250.00.

18. Sometime thereafter, Plaintiff called Asen to inform it that she needed more time to make the next payment due to her financial situation.

19. Asen's representative responded with hostility and aggressive rudeness in response to Plaintiff's request.

20. Furthermore, Asen failed to disclose itself as a debt collector when it communicated with Plaintiff.

21. Frustrated and frightened over Defendants' conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

23. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, fear of garnishment, and a reduction of financial resources as a result of Defendants' harassing collection campaign.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST DEFENDANTS)

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendants are "debt collector(s)" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendants identify themselves as a debt collectors, and are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30. Asen violated §1692d through the nature of its harassing, oppressive, and abusive conduct during the phone conversations it had with Plaintiff. During these phone calls, Asen berated Plaintiff for incurring the subject debt and for asking for an extension for the next payment. As soon as Plaintiff made a reasonable request for an extension to make a payment toward the subject debt, Asen responded by verbally attacking and abusing Plaintiff.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A);

> The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

33. Defendants violated §§ 1692e, e(2)(A), e(5), and e(10) when they falsely represented the legal status of the subject debt. Defendants' representation that the subject debt was already subject to legal action and garnishment at the time Plaintiff spoke with Defendant is a demonstrably false

representation. Furthermore, the facts underpinning this action demonstrate that Defendants did not intend to follow through with any threats of litigation. Instead, Defendants made these false representations in an effort to put undue pressure on Plaintiff to address the subject debt, lest she be subjected to legal action.

34. Additionally, Defendants violated §§1692e, e(2)(A) and e(10) through the blatant failure to advise Plaintiff that the statute of limitations period had elapsed on the subject debt. Rather than following the law, Defendants harassed Plaintiff into submission, coercing her to agree to a payment, which ultimately revived the statute of limitations. The omission is deceptive because it is designed to revive the statute of limitations on a debt that cannot be legally enforced through the judicial system. Defendants attempted to lure Plaintiff into a trap whereby she would pay towards a time-barred debt in exchange for a renewed statute of limitations period.

35. Asen violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Asen deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Asen's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from vindicating his rights.

   c. **Violations of FDCPA § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendants violated § 1692f when they attempted to revive the statute of limitations by failing to disclose that they cannot sue on the subject debt, and attempting to induce Plaintiff into making a payment on the subject debt or acknowledging the subject debt.

38. Defendants further violated § 1692f when they unfairly and unconscionably attempted to collect upon a time-barred debt by using threatening conduct. These means employed by Defendants only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, CLARICE HOFFMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

41. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

42. Defendants are "debt collector(s)" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 – 1788.17**

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

44. As outlined above, through their continuous attempts to collect upon the subject debt, Defendants violated 1788.17; and §§1692d, e, and f. Defendants engaged in harassing, deceptive,

and unfair conduct in its attempts to collect from Plaintiff through the implicit misrepresentations and threats made to Plaintiff.

45. Defendants willfully and knowingly violated the RFDCPA through their egregious collection efforts. Defendants' willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

46. WHEREFORE, Plaintiff, CLARICE HOFFMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendants from further contacting Plaintiffs seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: October 23, 2020                Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com